# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| WILBURN R. GUILLORY, | NO. C10-5520-RSM-JPD |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Wilburn R. Guillory appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33 after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be reversed and remanded for further proceedings.

## I.   FACTS AND PROCEDURAL HISTORY

At the time of his administrative hearing, plaintiff was a 40 year-old man at least a high school education. Administrative Record ("AR") at 23. His past work experience includes employment as a security guard. AR at 33. Plaintiff was last gainfully employed in 2005. AR at 486.

REPORT AND RECOMMENDATION - 1

On February 14, 2005, plaintiff filed a claim for DIB, alleging an onset date of April 30, 2001. AR at 13. However, the plaintiff had a prior claim denied for the period of April 30, 2001 through January 31, 2004. *Id.* There was no appeal from the decision and it became final. Thus the issue before the Court is whether plaintiff was disabled during the period from February 1, 2004 through December 31, 2006, the plaintiff's date last insured ("DLI"). *Id.*

The Commissioner denied plaintiff's claim initially and on reconsideration. *Id.* Plaintiff requested a hearing which took place on December 5, 2007. AR at 483-504. On February 29, 2008, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on his finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 13-24. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 1.

## II.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a

REPORT AND RECOMMENDATION - 2

whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.     EVALUATING DISABILITY

As the claimant, Mr. Guillory bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On June 23, 2009, the ALJ issued a decision finding the following:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2005.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of June 4, 2003 through her date last insured of December 31, 2005.

3. Through the date last insured, the claimant had the following severe impairments: status post closed head injury with facial fractures, degenerative disc disease of the cervical and lumbar spine, migraines, obesity, and bunion foot operations.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she could occasionally climb ladders, ropes or scaffolds.  The claimant could frequently balance, stoop, kneel, crouch, crawl and climb ramps and stairs.  She could reach overhead on a frequent basis bilaterally.  The claimant needed to avoid concentrated exposure to extreme cold, vibration, and hazards.

6. Through the date last insured, the claimant was capable of performing her past relevant work as a restaurant manager.  This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 4, 2003, the alleged onset date, through December 31, 2005, the date last insured.

AR at 18-25.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ err by failing to evaluate the opinion of Dr. Blair?

2. Did the ALJ err in assessing an adverse credibility determination?

Dkt. No. 14 at 1.

## VII. DISCUSSION

A. <u>The ALJ Erred By Omitting Any Discussion of the Opinions of Dr. Blair</u>

In January 2004, the plaintiff was denied benefits on the basis of nondisability. AR at 13. This became a final decision when plaintiff chose not to appeal. In addition to rendering the question of the claimant's disability during the period from his alleged onset date through January 31, 2004 to be administratively final, the prior decision also gives rise to a presumption of continuing non-disability. This presumption can be rebutted by a showing of a changed circumstance affecting the issue of disability during the unadjudicated period, such as a change in the claimant's age category, an increase in the severity of the claimant's impairments, the existence of an impairment not previously considered, or a change in the criteria for determining disability. *See Chavez v. Brown*, 844 F.2d 691 (9th Cir. 1988). *See also* Acquiescence Ruling 97-4(9). AR at 13.

The period previously covered by the first administrative decision covered the time from the alleged onset date through February 1, 2004. Plaintiff's date last insured ("DLI") is December 31, 2006. Accordingly, the question is whether the continuing presumption of disability ran from February 1, 2004 through the DLI of December 31, 2006.

John M. Blair, M.D. was plaintiff's treating physician. On June 4, 2004, within the period at issue, Dr. Blair opined:

> Mr. Guillory suffers from back and leg pain related to lumbar disk degenerative disease at the L5-S1 level. This significantly limits his ability to do any prolonged standing, bending, or lifting and, therefore, *Mr. Guillory is virtually unemployable at this time.* He would significantly benefit from retraining to a

REPORT AND RECOMMENDATION - 6

> profession which did not involve significant repetitive bending, lifting, or twisting and I would strongly urge consideration for a retraining program.

AR at 215 (emphasis added). *See also* medical reports and notes at 443, 444-46, also not discussed by ALJ.

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Orn*, 495 F.3d at 632-33.

Here, the ALJ inexplicably failed to mention the reports by Dr. Blair. The Commissioner suggests that the RFC includes the limitations which might be found if Dr. Blair's report were considered, and also suggests that perhaps Dr. Blair's reference to being "virtually unemployable" referred only to his past work in security, but there is no way to glean this from the ALJ's opinion. Consequently, due to the deference afforded to treating physicians, this matter must be remanded for further proceedings, with emphasis on the fact that the ALJ must consider the opinions of plaintiff's treating physician.

B.   <u>The ALJ Did Not Err in Entering an Adverse Credibility Determination</u>

The ALJ found that plaintiff was not entirely credible. As noted above, credibility determinations are within the province of the ALJ's responsibilities, and will not be disturbed, unless they are not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281; SSR 96-7p. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82; SSR 96-7p. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are

REPORT AND RECOMMENDATION - 8

unsupported by objective medical evidence.  *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick*, 157 F.3d at 722.  Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.  *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.

When evaluating a claimant's credibility, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient.  *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.  The ALJ may consider "ordinary techniques of credibility evaluation" including a reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains.  *Smolen*, 80 F.3d at 1284; *see also Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ based his adverse credibility determination on:  (1) contradictory statements; (2) plaintiff's noncompliance with prescribed blood pressure medication; (3) plaintiff's failure to lose weight, despite his doctor's concerns that his weight gain worsened his back problems and could lead to diabetes; and (4) his failure to attend a scheduled nutrition consultation to help with weight, stating he did not feed he needed "anybody to tell me what to eat."  AR at 20, 21.  The proffered reasons are supported by the medical evidence, and provide a valid basis upon which to enter an adverse credibility determination.  The ALJ did not err in this regard.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

DATED this 21st day of March, 2011.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge